shown, that the invention had been described in printed publications. If the testimony clearly established either of these propositions, we might, perhaps, grant the respondent leave to amend; but they do not so clearly establish either point, as to warrant the court to permit such an amendment at the hearing of the case. Such testimony cannot, therefore, be considered by the court, except for the purpose of showing the state of the art at the time of complainant's invention, and such knowledge would in nowise affect the construction which I have given to the patent. If the pleadings properly raised the issue, I should not think the patent void, by reason of the claim being too broad.

The respondent, having admitted the manufacture of the invention of the complainant, by the use of substances which are within complainant's patent, is, therefore, guilty of an infringement; and, as no reference is desired, and the damage shown is but fifteen cents, a decree for an injunction will be granted, without costs.

GEIGER v. The ELIZA MALLORY. See Case No. 4,365.

GEIGER (JANNEY v.). See Case No. 7,212.

GEIGER v. MONSERAT. See Case No. 9,740.

GEIGER (MUIR v.). See Case No. 9,902.

## Case No. 5,300.

GEIGER v. The WILLIAM TABER.

[Nowhere reported; opinion not now accessible.]

GEIGER (WISE v.). See Case No. 17,908.

GEIS, In re. See Case No. 5,407.

GEISS (BRADFORD v.). See Case No. 1,768.

## Case No. 5,301.

GELL et al. v. JACOBS.

[Cited in Ogden v. Saunders. 12 Wheat. (25 U. S.) 286. See Case No. 5,426.]

## Case No. 5,302.

GELSTON v. ADAMS.

[2 Cranch, C. C. 440.][1]

Circuit Court, District of Columbia. Nov. Term, 1823.

BILLS AND NOTES—ASSIGNMENT AFTER DISHONOR —SUIT BY ASSIGNEE.

If the payee of a promissory note, after it has been dishonored, assigns it to a debtor of the maker, and then gives the maker a release upon his surrendering all his effects to a trustee for the benefit of his creditors, the assignee cannot recover upon the note in an action against the maker, who had no notice of the assignment until after the deed of trust and release had been executed.

This was an action by the assignee of a promissory note for $436.31, made by the defendants [A. and A. H. Adams] to Jonathan Janney, and due on the 25th of July, 1822, when it was protested. Janney assigned it to the plaintiff on the 1st of August, 1822. On the 14th of August, 1822, Janney, then being a creditor of the defendants to the amount of $66, upon an open account, attended a meeting of the creditors of the defendants, who laid before them a list of their debts, and stating Janney to be a creditor for the amount of the note, as well as of the open account. Janney did not inform the defendants of the assignment of the note, but signed the release, and accepted the satisfaction given by the defendants, which was an assignment of all their effects to a trustee for the benefit of their creditors.

THE COURT (THRUSTON, Circuit Judge, absent), on the prayer of Mr. Taylor, for defendants, instructed the jury that if, from the evidence, they believed the facts to be as above stated, the plaintiff could not recover, although they might be satisfied by the evidence that the plaintiff was debtor to the defendants to the amount of $288.90, until and at the time of the transfer of the note.

GELSTON (BREWSTER v.). See Case No. 1,853.

## Case No. 5,303.

The GEM.

[Brown, Adm. 37.][1]

District Court, D. Michigan. March, 1858.

WHARFAGE—THE 12TH RULE.

1. Wharfage is the use of a wharf by a vessel for the loading or unloading of goods or passengers. Mere anchorage at a wharf is not wharfage.

2. The use of a wharf is not "material" for a ship, within the meaning of the 12th rule, nor is a wharfinger a material-man.

[Cited in The Hercules, 28 Fed. 476.]

3. The maritime law does not give a lien for wharfage.

Three libels brought to recover for the use and occupation (1) of a wharf at the foot of Woodward avenue, Detroit; (2) of a private wharf fronting certain lots of libellant, in Detroit; (3) of a wharf on the opposite shore of Detroit river, in Canada.

Alfred Russell, for libellant.
John S. Newberry, for claimant.

WILKINS, District Judge. At the commencement of the argument of this case, the proctor for the libellant abandoned all claim

---